UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELANEY BRYANT, BRIANNA LEMMON, and VIOLET OSPINA, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br> v.<br><br>BUFFALO EXCHANGE, LTD.,<br><br>     Defendant. | Case No. 1:23-cv-08286 (AS) |

### PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

  Plaintiffs respectfully submit this Notice of Supplemental Authority to bring to the Court's attention two additional recent decisions supporting Plaintiffs' opposition to Defendant Buffalo Exchange, Ltd.'s Motion to Dismiss, ECF No. 30.

  Since Plaintiffs filed their opposition and prior Notice of Supplemental Authority, ECF Nos. 34 and 35, two additional courts have recognized that the New York Labor Law ("NYLL") provides a private right of action to enforce Section 191's pay frequency provisions. *See Levy v. Endeavor Air Inc.*, No. 21 Civ. 4387, 2024 U.S. Dist. LEXIS 60332 (E.D.N.Y. Mar. 25, 2024) (attached as Ex. 1); *Cooke v. Frank Brunckhorst Co., LLC*, No. 23 Civ. 6333, 2024 US Dist. LEXIS 51644 (E.D.N.Y. Mar. 22, 2024) (attached as Ex. 2).

  First, in *Levy*, the defendant sought leave to file a motion for reconsideration of the court's November 2022 ruling denying defendant's motion to dismiss, arguing—as Buffalo Exchange does here—that the plaintiffs did not have a private right of action based on the Appellate Division, Second Department's January 2024 decision in *Grant v. Global Aircraft Dispatch, Inc.*, 204 N.Y.S.3d 117 (2d Dep't 2024). 2024 U.S. Dist. LEXIS 60332, at *2. The

1

defendant also sought certification of the issue for immediate interlocutory appeal to the Second Circuit so that the Second Circuit could then certify the question to the New York Court of Appeals. *Id*. Calling the defendant's argument "anemic," the court explained that "[w]ith one exception, every court within this Circuit that has confronted the split in appellate authority has remained persuaded by" the First Department's decision in *Vega v. CM & Associates Construction Management, LLC*, 107 N.Y.S.3d 286 (1st Dep't 2019), which held that a private right of action exists for claims under NYLL §191. *Id.* at *3. After thoroughly analyzing the *Grant* decision's flawed reasoning, the court concluded that it was "persuaded that the New York Court of Appeals would adopt *Vega*'s holding that §§ 191 and 198 expressly confer upon employees a private right of action." *Id.* at *3-5.

Second, in *Cooke*, the court, without analyzing the split between *Vega* and *Grant*, explained "Section 191 permits a manual worker to bring a civil action for delayed payment of wages—even if the wages have subsequently been paid." 2024 US Dist. LEXIS 51644, at *13.

Plaintiffs respectfully request that this Court join the overwhelming majority of district court decisions on this issue and deny Defendant's Motion to Dismiss.

Dated: April 5, 2024  
      New York, NY

Respectfully submitted,

/s/ Molly Brooks

Molly A. Brooks  
Michael C. Danna  
Amy Maurer  
**OUTTEN & GOLDEN LLP**  
685 Third Avenue, 25th Floor  
New York, NY 10017  
Telephone: (212) 245-1000  
Email: mb@outtengolden.com  
Email: mdanna@outtengolden.com  
Email: amaurer@outtengolden.com

*Attorneys for Plaintiffs*