

June 28, 2024

<u>Via ECF</u>
The Honorable Arun Subramanian
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

      Re:    *Bryant et al. v. Buffalo Exchange, Ltd.*, Case No. 23 Civ. 8286

Dear Judge Subramanian:

      We represent Plaintiffs in the above-captioned matter and write in response to the Court's June 26, 2024 Order. ECF No. 48. As further explained below, liquidated damages in the full amount of late wage payments, in addition to prejudgment interest, are the remedies for Defendant's late wage payments.

**I.      Liquidated Damages Are an Available Remedy for Late Wage Payments.**

      The Court ordered Plaintiffs to "explain[] why they are entitled to liquidated damages" and to "cite any authority holding that Plaintiffs can recover liquidated damages equal to 100% of their total wages." New York Labor Law ("NYLL") § 198(1-a) provides four primary remedies for wage violations: compensatory damages for unpaid wages, liquidated damages in the amount of late or unpaid wages, prejudgment interest, and attorneys' fees. In *Vega v. CM & Assoc. Constr. Mgt., LLC*, the New York Appellate Division directly held that liquidated damages were the remedy for late payments of wages where the employer had paid wages on a biweekly instead of weekly basis. 175 A.D.3d 1144, 1145 (N.Y. App. Div. 2019). The Appellate Division interpreted NYLL § 198(1-a)'s use of "underpayment" to mean "[t]he moment that an employer fail[s] to pay wages in compliance with [S]ection 191(1)(a)." *Id.* Therefore, if an employer later pays the wages owed — whether a week late, as in the case of Buffalo Exchange and the defendant in *Vega*, or at some later time — that employer may "assert an affirmative defense" that it no longer owes unpaid wages (i.e., the first category of damages available under Section 198), but its late payment "does not eviscerate the employee's statutory remedies," including liquidated damages. *Id.* The New York Appellate Division expressly rejected the argument "that section 198 provides remedies only in the event of nonpayment or partial payment of wages (but not in the event of late payment of wages)." *Id.*

      The New York Appellate Division therefore directly answers the Court's question: when an employer pays wages late in violation of NYLL § 191, there is an "underpayment" in the amount of owed wages not paid, as "[t]he moment that an employer fails to pay wages in

New York  685 3rd Ave 25th Floor, New York, NY 10017  T (212) 245-1000  F (646) 509-2060
San Francisco  1 California Street, 12th Floor, San Francisco, CA 94111  T (415) 322-1391  F (415) 638-8810
Washington, DC  1225 New York Ave NW, Suite 1200B, Washington, DC 20001  T (202) 914-5097  F (202) 847-4410
outtengolden.com  mail@outtengolden.com

compliance with section 191(1)(a), the employer pays less than what is required." *Vega*, 175 A.D.3d at 1145; *see also Bemejo v. Shaker Contrs., Corp.*, No. 22 Civ. 1427, 2022 U.S. Dist. LEXIS 213831, at *15 (S.D.N.Y. Nov. 28, 2022) ("Plaintiffs are entitled to recover liquidated damages equal to the total amount of all wages that were not paid in accordance with the law, including liquidated damages . . . for wages that were paid late."). Therefore, the "total amount of wages found to be due" is not $0, but it is the amount of wages owed on the payday required by the NYLL and not paid on that day. Eliminating liquidated damages where an employer eventually pays the late wages would erase an employee's right to recover the remedies provided in the statute. *Vega*, 175 A.D.3d at 1145 (holding that an employer's payment of wages a week late "does not eviscerate the employee's statutory remedies," including liquidated damages). The interpretation that a late payment of wages could eliminate statutory remedies was rejected by *Vega*. *Id.* ("We reject defendant's implicit attempt to read into section 198(1-a) an ability to cure a violation and evade the statute by paying the wages that are due before the commencement of an action.").

The New York Appellate Division's holding is also grounded in federal courts' interpretation of analogous remedies in the Fair Labor Standards Act ("FLSA"). *See id.* at 1145-46. Similar to the NYLL, the FLSA provides that employers who violate the Act "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The Supreme Court has held that liquidated damages are available under the FLSA for the "failure to pay the statutory minimum on time," in instances where the employer had belatedly paid the late wage payments, as the liquidated damages "constitute[] compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 700, 707 (1945); *see also Rogers v. City of Troy*, 148 F.3d 52, 56 (2d Cir. 1998) (summarizing that an employee is "entitled to statutory damages despite the fact that he had been paid his full wages prior to instituting his lawsuit").

The vast majority of federal courts to consider this question have recognized and followed *Vega*'s holding that liquidated damages in the amount of the late payment, not merely prejudgment interest, are available to employees. *See, e.g.*, *Birthwright v. Advance Stores Co., Inc.*, No. 22 Civ. 593, 2024 U.S. Dist. LEXIS 113733, at *2-3 (E.D.N.Y. June 27, 2024) (denying motion to dismiss in case seeking only liquidated damages, noting that "[w]ith one exception, every court within this Circuit that has confronted the split in appellate authority has remained persuaded by *Vega*" (quoting *Levy v. Endeavor Air Inc.*, No. 21 Civ. 4387, 2024 U.S. Dist. LEXIS 60332, at *3 (E.D.N.Y. Mar. 29, 2024))); *Collins v. Hanesbrands Inc.*, No. 23 Civ. 1818, 2023 U.S. Dist. LEXIS 200684, at *5 (S.D.N.Y. Nov. 8, 2023) ("[N]umerous courts in this Circuit have now addressed this exact question and uniformly rejected Defendant's argument on the grounds that the First Department expressly stated that 'liquidated damages may be available under Labor Law § 198(1-a) to provide a remedy to workers complaining of untimely payment of wages[.]'" (quoting *Vega*)); *Krawitz v. Five Below, Inc.*, No. 22 Civ. 2253, 2023 U.S. Dist. LEXIS 175800, at *4 (E.D.N.Y. Sep. 29, 2023) ("While an employer that eventually pays the underpaid wages can 'assert an affirmative defense' based on the eventual payment, the First Department concluded that an employee could still seek 'statutory remedies,' including liquidated damages." (quoting *Vega*)); *Lipstein v. 20X Hosp. LLC*, No. 22 Civ. 4812, 2023 U.S. Dist. LEXIS 167615, at *34-35 (S.D.N.Y. Sep. 19, 2023) ("Just as liquidated damages are

available under § 198(1-a) in cases of nonpayment or partial payment of wages, they are also available 'to provide a remedy to workers complaining of untimely payment of wages.' (quoting *Vega*)); *Davis v. Banana Republic, LLC*, No. 21 Civ. 6160, 2023 U.S. Dist. LEXIS 132651, at *14 (E.D.N.Y. July 31, 2023) ("The *Vega* Court held that an employee may seek liquidated damages for the untimely payment of wages, even if the wages are no longer past due."); *Petrosino v. Fastenal Co.*, No. 22 Civ. 705, 2023 U.S. Dist. LEXIS 86046, at *11 (N.D.N.Y. May 17, 2023) ("Ultimately, the 'NYLL liquidated damages provisions . . . are designed to deter wage-and-hour violations in a manner calculated to compensate the party harmed,' *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018), and a state appellate court has found that delayed payment of wage is one such suffered harm entitled to liquidated damages."); *Georgiou v. Harmon Stores, Inc.*, No. 22 Civ. 2861, 2022 U.S. Dist. LEXIS 234643, at *9 (E.D.N.Y. Dec. 29, 2022) ("Since the major issue when wages are paid every 14 days instead of every 7 days is liquidated damages plus interest for the time delay, the First Department recognized that the case was really about liquidated damages and attorneys' fees. It held that 'liquidated damages may be available under Labor Law § 198(1-a) to provide a remedy to workers complaining of untimely payment of wages, as well as non-payment or partial payment of wages.'" (quoting *Vega*)); *Day v. Tractor Supply Co.*, No. 22 Civ. 489, 2022 U.S. Dist. LEXIS 217201, at *18-19 (W.D.N.Y. Nov. 30, 2022) ("[L]iquidated damages are the appropriate remedy for violations of § 191."); *Rath v. Jo-Ann Stores, LLC*, No. 21 Civ. 791, 2022 U.S. Dist. LEXIS 214798, at *21-22 (W.D.N.Y. Nov. 29, 2022) (noting that under § 191, "by paying Plaintiff (and other manual workers) biweekly, Defendant owed its employees wages half the time," and concluding "that the New York Court of Appeals would recognize the availability of liquidated damages as a remedy for violation of Labor Law § 191 recoverable by the affected manual worker"); *Levy v. Endeavor Air Inc.*, 638 F. Supp. 3d 324, 332 (E.D.N.Y. 2022) ("[T]he First Department of the Appellate Division has held . . . that New York Labor Law permits employees to seek liquidated damages for the untimely payment of wages, even if wages are no longer past due"); *Gillett v. Zara USA, Inc.*, No. 20 Civ. 3734, 2022 U.S. LEXIS 143434, at *31 (S.D.N.Y. Aug. 10, 2022) (recognizing that "the First Department concluded that an employee could still seek 'statutory remedies,' including liquidated damages for a violation of Section 191," where "an employer . . . eventually pays the underpaid wages"); *Elhassa v. Hallmark Aviation Servs., L.P.*, No. 21 Civ. 9768, 2022 U.S. Dist. LEXIS 33051, at *6-7 (S.D.N.Y. Feb. 24, 2022) ("[T]he New York Labor Law permits employees to seek liquidated damages for the untimely payment of wages even if the wages are no longer past due."); *Carrera v. DT Hosp. Grp.*, No. 19 Civ. 4235, 2021 U.S. Dist. LEXIS 210894, at *28-29 (S.D.N.Y. Nov. 1, 2021) ("Accordingly, liquidated damages are available under Labor Law 198 (1-a) to provide a remedy to workers complaining of untimely payment of wages."); *Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534, 2021 U.S. Dist. LEXIS 184652, at *5-6 (E.D.N.Y. Sept. 27, 2021) ("New York Labor Law permits employees to seek liquidated damages for the untimely payment of wages, even if wages are no longer past due."); *Duverny v. Hercules Medical P.C.*, No. 18 Civ. 7652, 2020 U.S. Dist. LEXIS 37547, at *13 (S.D.N.Y. Mar. 3, 2020) ("A plaintiff's entitlement to statutory damages pursuant to § 198(1-a) survives even if the employer pays the employee's base wages prior to the commencement of a civil action.").

The New York Executive and Legislative Branches also recently recognized that liquidated damages in the amount of late wages are available for these claims. In April 2024, Governor Hochul submitted a proposed budget that expressly acknowledged that "[t]he

frequency of pay provision of the Labor Law requires manual workers to be paid weekly, with some exceptions. Section 198 of the Labor Law allows for 100 percent of liquidated damages of any untimely payment of wages and has a six-year statute of limitations." *See* https://www.budget.ny.govpubs/archive/fy25/ex/artvii/elfa-memo.pdf at 14. The Legislature ultimately passed legislation that "intentionally omits the Executive proposal to remove the allowance of liquidated damages in instances where a manual worker is paid bi-weekly instead of weekly, as currently required under Labor Law." *See* https://www.nysenate.gov/sites/default/files/open-data/fy-2025-adopted-budget-report.docx.pdf at 45.

Under interpretations of Sections 191 and 198 by the New York Appellate Division and most federal courts, Plaintiffs are entitled to seek liquidated damages in the amount of the late wage payments even if the wages are no longer past due.

## II. Recent Court Decisions Calculate Liquidated Damages for Late Payments.

Seven recent decisions in this Circuit not only hold, as in the many cases cited above, that liquidated damages are the available remedy for late payments, but also describe how to calculate such damages. In *Bemejo v. Shaker Contrs., Corp.*, the court held that "Plaintiffs are entitled to recover liquidated damages equal to the total amount of all wages that were not paid in accordance with the law, including liquidated damages both for overtime wages that were not paid at all and for wages that were paid late." 2022 U.S. Dist. LEXIS 213831, at *15-20. The court further found that "the amount of liquidated damages available to Plaintiffs is capped at the amount of wages to which they were entitled but which they were not paid (either because no payment was made at all or because it was made late)," and "Plaintiffs' liquidated damages for late payments must equal the actual amount paid late—for each week of late pay, the number of hours worked per week multiplied by the regular rate of pay, where the regular rate equals each Plaintiff's weekly compensation divided by his weekly number of hours worked." *Id.*

Other decisions have taken a similar approach to *Bemejo*. *See Sarmiento v. Flagge Contr. Inc.*, No. 22 Civ. 9718, 2024 U.S. Dist. LEXIS 33492, at *21-26 (S.D.N.Y. Feb. 27, 2024) (following *Bemejo*'s holding that "Plaintiffs' liquidated damages for late payments must equal the actual amount paid late"); *Gumaneh v. Vilano Empl. Servs.*, No. 22 Civ. 774, 2023 U.S. Dist. LEXIS 156383, at *18-19 (S.D.N.Y. Sept. 5, 2023) (stating that "Plaintiffs are entitled to the total amount of late wages as liquidated damages," and awarding liquidated damages); *Bello v. Pro-Line Pumping Corp.*, No. 22 Civ. 4081, 2023 U.S. Dist. LEXIS 106676, at *22-23 (E.D.N.Y. June 20, 2023) ("[P]laintiffs allege they were untimely paid approximately seventy-five percent of the time throughout their employment and are owed an amount of liquidated damages equivalent to seventy-five percent of all wages earned during the relevant time period."); *Ramirez v. Urion Constr. LLC*, 674 F. Supp. 3d 42, 53-54 (S.D.N.Y. 2023) (finding that "an additional award of liquidated damages, . . . effectively, 100% of all wages that were not paid on time" was supported by "the liquidated damages provision of NYLL § 198(1-a)"); *Williams v. Miracle Mile Props. 2 LLC*, No. 20 Civ. 3127, 2022 U.S. Dist. LEXIS 19826, at *27-29 (E.D.N.Y. Feb. 1, 2022) (awarding liquidated damages to employee paid every other week instead of weekly); *Carrera*, 2021 U.S. Dist. LEXIS 210894, at *28-29 (concluding that under a biweekly or semimonthly pay scheme, "weekly pay would be late for two pay weeks in each

month (i.e., the first and third weeks in most months)," and calculating liquidated damages as the amount of late paid wages in those weeks).

III.     **Prejudgment Interest Is an Additional, Not a Substitute, Remedy.**

The Court ordered Plaintiffs to "explain why the 'full amount of any underpayment' is not simply the amount of interest that accrued on the late wages." As noted above, Section 198(1-a) provides for prejudgment interest as a separate remedy from liquidated damages. These remedies serve different purposes under the NYLL, where liquidated damages "are considered punitive in nature, thus enabling a plaintiff to recover *both* liquidated damages and pre-judgment interest." *Villanueva v. 179 Third Ave. Rest Inc.*, 500 F. Supp. 3d 219, 243 (S.D.N.Y. 2020) (emphasis added). As summarized in Sections I and II above, the New York Appellate Division in *Vega* directly held that liquidated damages in the amount of the late payments were available as the remedy for Section 191 violations, and the vast majority of district courts to consider the measure of damages for these claims have followed *Vega*'s interpretation that the amount of liquidated damages owed is the value of the late paid wages.

While the NYLL *additionally* provides for prejudgment interest — here, calculated as the daily interest on the unpaid wages until those wages were paid a week late — Plaintiffs are not aware of any cases that find that this interest is the "underpayment" referred to in Section 198 or that interest is the only remedy for this violation. By contrast, the limitation on damages to only interest has been rejected by other recent decisions. *See, e.g.*, *Ramos v. Apple Inc.*, No. 22 Civ. 2761, 2023 U.S. Dist. LEXIS 158183, at *6-7 (S.D.N.Y. Sept. 6, 2023) ("Defendant next asks this Court to limit Plaintiffs' damages to lost interest. Defendant's argument again rests on this Court refusing to follow the First Department's decision in *Vega*. This Court, however, sees no persuasive reason to believe the Court of Appeals would disagree with *Vega*'s interpretation of Section 198(1-a). As held by the *Vega* court, 'liquidated damages may be available under [Section] 198(1-a) to provide a remedy to workers complaining of untimely payment of wages, as well as nonpayment or partial payment of wages[.]' . . . Accordingly, the Court declines at this time to limit Plaintiff's damages to lost interest.") (internal citations omitted).

IV.     **Plaintiffs Presently Lack Information to Calculate Prejudgment Interest.**

The Court additionally ordered Plaintiffs to "explain whether this court has subject-matter jurisdiction if Plaintiffs are limited to a recovery equal to 100% of the interest on their late wages." While Plaintiffs are able to establish subject-matter jurisdiction under the Class Action Fairness Act's $5,000,000 threshold based on liquidated damages — following the measure of damages described and/or applied by nearly every district court to consider such claims — they presently lack workweek-level payroll data to calculate the interest associated with each late payment for all putative class members during the relevant period. However, Plaintiffs concede that interest on the late wages alone likely would not exceed $5,000,000.

Respectfully submitted,

Molly Brooks