

Advocates for Workplace Fairness

July 12, 2024

**Via ECF**
The Honorable Arun Subramanian
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

      Re:    *Bryant et al. v. Buffalo Exchange, Ltd.*, Case No. 23 Civ. 8286

Dear Judge Subramanian:

      We represent Plaintiffs in the above-captioned matter and write in response to the Court's July 9, 2024 Order. ECF No. 51. As further explained below, Plaintiffs are not aware of any interpretations of NYLL § 198(1-a) by the New York State Department of Labor ("NYSDOL"), and even if such an interpretation existed it would not be entitled to any deference.

      While the NYSDOL has issued guidance and opinion letters regarding the application of NYLL § 191, we are not aware of any specific guidance or interpretative statements relating to whether NYLL § 198(1-a) provides a private right of action to employees for untimely pay claims or the remedies available for such claims. With respect to NYLL § 191, the NYSDOL has developed an application for employers to request exemptions from the NYLL's pay frequency requirements,[1] and posts a "Frequency of Pay Frequently Asked Questions" on its website.[2] The NYSDOL's guidance states that NYLL § 191's "protections apply to most employees" working for "all private sector employers" in New York, and that the NYSDOL interprets the term "manual worker" to mean all "individuals who spend more than 25% of working time engaged in 'physical labor'" where "physical labor" is "interpreted broadly to include countless physical tasks performed by employees." *Id.* The NYSDOL has also issued Opinion Letters on whether particular job titles are "manual workers" under NYLL § 191. *See, e.g.*, Op. Ltr. RO-09-0066 (May 21, 2009); Op. Ltr. RO-08-0139 (Dec. 1, 2008).

      Courts recognize that, in some circumstances, New York state agencies, including the NYSDOL, are entitled to deference when those agencies are interpreting statutes and their own regulations. *See Ramos v. SimplexGrinnell LP*, 740 F.3d 852, 856 (2d Cir. 2014) (citing *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (N.Y. 2008); the "construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable,

---

[1]    *See* Application for Authorization to Pay Manual Workers Less Frequently Than Weekly, https://dol.ny.gov/system/files/documents/2024/05/ls138.pdf. Plaintiffs are not aware of any effort by Defendant to seek authorization to pay biweekly, if eligible, under the NYSDOL's application process.
[2]    *See* Frequency of Pay Frequently Asked Questions, https://dol.ny.gov/system/files/documents/2021/03/frequency-of-pay-frequently-asked-questions.pdf.

New York  685 3rd Ave 25th Floor, New York, NY 10017  T (212) 245-1000  F (646) 509-2060
San Francisco  1 California Street, 12th Floor, San Francisco, CA 94111  T (415) 322-1391  F (415) 638-8810
Washington, DC  1225 New York Ave NW, Suite 1200B, Washington, DC 20001  T (202) 914-5097  F (202) 847-4410
outtengolden.com  mail@outtengolden.com

should be upheld"). Accordingly, the interpretative guidance set forth by the NYSDOL with respect to NYLL § 191 is appropriately given deference as it is within the scope of the agency's general enforcement duties, set forth in NYLL § 20.

However, New York agencies are not entitled to deference on questions of "pure legal interpretation of statutory terms." *See Int'l Union of Painters & Allied Tradses, Dist. Council No. 4 v. N.Y. State Dept' of Labor*, 32 N.Y.3d 198, 215 (2018). The New York Court of Appeals has held that "[d]eference is warranted only where an agency is applying its special expertise in a particular field to interpret statutory language. Where instead the question requires statutory analysis dependent only on an accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency and its interpretive regulations are therefore to be accorded much less weight. In such circumstances, the judiciary need not accord any deference to the agency's determination, and is free to ascertain the proper interpretation from the statutory language and legislative intent." *Id.* (internal citations and quotation marks omitted); *see also Kuzmich v. 50 Murray St. Acquisition LLC*, 34 N.Y.3d 84, 92 n.4 (N.Y. 2019) (where the "question is one of pure statutory reading and analysis, dependent only upon accurate apprehension of legislative intent, [courts] need not and do not defer to [an] agency in construing [a] statute").

Here, the question before the Court is a one of clear statutory interpretation: whether NYLL § 198(1-a)'s explicit private right of action for any "underpayment" of wages provides a right for employees to challenge violations of the weekly pay requirement and to seek statutory remedies. This question is outside the scope of any expertise the NYSDOL may have from its own enforcement or rulemaking authority. As summarized in Plaintiffs' prior filings, state and federal courts have engaged in that statutory interpretation, and nearly all have agreed with the New York Appellate Division's reasoning in *Vega* that NYLL § 198(1-a) provides a right of action and allows employees to seek liquidated damages. *See* ECF Nos. 34, 35, 39, 45, 49. The New York Executive and the New York Legislature have also recently clarified their shared interpretation that Section 198(1-a) provides a private right of action for employees to seek liquidated damages for pay frequency violations. The Governor's proposed budget memorandum set out that "Section 198 of the Labor Law allows for 100 percent of liquidated damages of any untimely payment of wages and has a six-year statute of limitations. This means plaintiffs who seek judicial relief after being paid on a bi-weekly schedule, instead of a weekly schedule, could be entitled to liquidated damages[.]"[3] The Legislature's adopted budget legislation stated that it "intentionally omit[ted] the Executive proposal to remove the allowance of liquidated damages in instances where a manual worker is paid bi-weekly instead of weekly, as currently required under Labor Law."[4]

Because the question of whether Section 198(1-a) allows a private right of action for employees to seek remedies for untimely pay violations is one of pure statutory interpretation, and because the New York Legislative has already weighed in on that question, any interpretation by the NYSDOL—whether it existed already or was requested by this Court—would not be entitled to any deference.

---

[3] *See* https://www.budget.ny.gov/pubs/archive/fy25/ex/artvii/elfa-memo.pdf at 14.
[4] *See* https://www.nysenate.gov/sites/ default/files/open-data/fy-2025-adopted-budget-report.docx.pdf at 45.

Hon. Arun Subramanian
July 12, 2024
Page 3 of 3

                        Respectfully submitted,

                        Molly Brooks