
Andrew B. Murphy
Partner
Andrew.murphy@faegredrinker.com
+1 612 766 8897 direct

faegredrinker.com

Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
+1 612 766 7000 main
+1 612 766 1600 fax

July 12, 2024

**VIA ECF**
The Honorable Arun Subramanian
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

**Re:**   *Bryant et al. v. Buffalo Exchange, Ltd.* **(Case No. 23-cv-8286)**

Dear Judge Subramanian:

We write on behalf of Defendant Buffalo Exchange, Ltd. pursuant to the Court's July 9, 2024 Order to address whether "the Commissioner of Labor has interpreted the relevant language in § 198(1-a) and if so, whether that interpretation is entitled to deference." Dkt. #51. Defendant understands the "relevant language" of NYLL § 198(1-a) to refer to the language in NYLL § 198(1-a) regarding whether an employee may "recover the full amount of any underpayment . . . [and] an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due," as referenced in the Court's June 26, 2024 Order. Dkt. #48.

We are not aware of any formal interpretation by the New York Commissioner/Department of Labor interpreting whether the statute permits recovery of liquidated damages when plaintiffs were paid all wages due.

With respect to whether any such interpretation would be entitled to deference, New York courts have held that "NYSDOL's interpretation of a statute it is charged with enforcing is entitled to deference." *See, e.g.*, *Balderramo v. Go New York Tours Inc.*, 668 F. Supp. 3d 207, 228 & n.10 (S.D.N.Y. 2023) (quotation committed; collecting cases). Such deference applies, however, in situations where an agency interprets a statute based on "knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom." *Claim of Gruber*, 89 N.Y.2d 225, 231 (1996).

But where a question turns on "a matter of pure statutory analysis," courts need not defer to administrative agencies. *Crucible Materials Corp. v. New York Power Auth.*, 50 A.D.3d 1353, 1355 (3d Dep't 2008). Instead, the court "is free to ascertain the proper interpretation from the statutory language and legislative intent." *Gruber*, 89 N.Y.2d at 231-32.

In this case, as reflected in the Court's June 26 Order, the fundamental issue involves one of statutory interpretation. By its plain language, the statute permits recovery of "the full amount

of any underpayment . . . [and] an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due." NYLL § 198(1-a). The meaning of "wages found to be due" raises a "question . . . of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent." *Gruber*, 89 N.Y.2d at 231. As such, "there is little basis to rely on any special competence or expertise of the administrative agency." *Id.*

The United States Supreme Court's recent decision in *Loper Bright Enters. v. Raimondo*, -- S. Ct. -- , 2024 WL 3208360 (June 28, 2024), does not alter this analysis. *Loper Bright* considered whether federal courts should defer to federal agency interpretations and, as such, does not bear directly on state law regarding deference to state agencies. *Id.* at *6. Regardless of whether New York courts ultimately adopt *Loper Bright*, that case emphasizes the duty of courts to say what statutes mean. *Id.* at *20 ("Once more, the basic nature and meaning of a statute does not change when an agency happens to be involved . . . The statute still has a best meaning, necessarily discernible by a court deploying its full interpretive toolkit.").

New York applies a similar standard on questions of pure statutory interpretation like the one at issue here. *Gruber*, 89 N.Y.2d at 231. This Court owes no deference to state agencies on such questions.

We thank the Court for its attention to this matter.

Respectfully submitted,

Andrew B. Murphy

cc:  All Counsel of Record via ECF